STATE OF CONNECTICUT *v.* HARRY J. WARD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

82

Argued July 9—decided July 16, 1947

*Hugh M. Alcorn, Jr.,* state's attorney, for the appellee (state).

*John P. Cotter,* for the appellant (defendant Kennedy).

*Milton D. Newman,* for the appellant (defendant Barnes).

*William S. Hyde* and *Thomas F. McDonough,* for the appellant (defendant Levitan).

MALTBIE, C. J.   The information in this case charged eleven defendants with a conspiracy to prevent and interfere with public justice and to violate statutes penalizing gambling, keeping and resorting to gaming houses and illegal selling of liquor. Four of the defendants pleaded guilty, five elected to be tried by the court, and two were tried to the jury.   The trial lasted many weeks.   The case against one was dismissed, but all the others who went to trial were found guilty.   On February 21, 1946, sentences were imposed.   Five of the accused appealed, but two of them later withdrew their appeals and surrendered themselves for service of

their sentences. The appeals of the other three, Kennedy, Barnes and Levitan, remained pending.

The trial court granted various extensions of time in which to file requests for findings, the counter-finding, and assignments of error. Finally, on April 1, 1947, the last of the assignments of error was filed. They all sought many corrections and additions to the finding. On April 23, the trial court returned the papers to the clerk's office with the notation that, except as to a minor correction made that day, all the claims for correction assigned as error were refused. On May 6, one defendant filed an amendment to his assignments of error attacking a single paragraph in the finding and on the same day the trial court examined the amendment and refused to make the correction. On May 12, the clerk wrote counsel for all the defendants requesting payment of $4500, which he stated would be the approximate cost of printing the evidence, but he added that the matter would be adjusted when the record had been printed and the actual cost determined. The defendants made no response to this letter. On June 25, this motion to dismiss was filed, and thereafter it was assigned for hearing on July 9. On July 8, the defendants paid the clerk the amount stated in his letter of May 12.

The various extensions of time granted by the trial court for filing appeal papers were made under provisions of the rules of court authorizing such action "for good cause shown." We must, in considering this motion, regard the extensions as properly granted, and as all papers were filed within the times fixed in them we cannot consider the failure by the defendants to file them earlier in determining

whether they have prosecuted the appeals with reasonable diligence.

Under our rules the trial court was bound to consider the claims for correction in the finding, and the record could not be printed by the clerk until the assignments of error had been returned to him with the action taken by it noted thereon. Practice Book § 347. This did not occur until April 23, 1947. The record is so complicated and voluminous that it would necessarily take some time for the clerk to ascertain how the printed record should be made up and to estimate the cost of printing the evidence. Until that was done and counsel for the defendants were so notified, they were under no duty to make any payment to the clerk. The claim for the dismissal of these appeals necessarily reduces itself to this, that the defendants were guilty of improper delay in not paying the amount due for printing the record after they received the letter sent by the clerk on May 12, 1947.

Section 351 of the Practice Book requires that an appellant must pay the actual cost of printing the evidence necessary to present claims of error in the finding "prior to the printing of the same and within two weeks from the completion of the record;" § 356 provides that procedure to secure corrections in a case tried to the jury shall be in accordance with that for securing corrections in a case tried to the court, so far as applicable, and this includes the requirement in § 351 as to the payment of the cost of printing the evidence. Under § 351, the period allowed for payment runs from the time when the clerk has so prepared the record that it is ready to go to the printer. In so far as the appeals required the printing of the evidence to sup-

port attacks on the finding, the defendants are all clearly in default, and the clerk is without authority to print it for that purpose. Barnes was tried to the court, and in addition to assignments of error as to the finding he also claims error in the conclusion of the trial court that he was guilty, on the ground that it is not supported by the facts found. For printing the record to present to us that claim, no payment other than the record fee paid when the appeal was taken is necessary; he has done everything required of him by our procedure; and he cannot, to the extent of that claim, be found to be in default.

In addition to assignments of error as to the finding, Kennedy, also tried to the court, claims error in the decision of the trial court finding him guilty upon all the evidence; and Levitan, tried to the jury, assigns error in the denial of his motion to set the verdict aside. The presentation of both these claims of error requires the printing of all the evidence necessary properly to determine them. Section 369 of the Practice Book requires a party appealing from the denial of a motion to set the verdict aside to pay the cost of printing the evidence; and a like practice applies where, in a trial to the court, error is assigned in finding the defendant guilty upon all the evidence. *State* v. *Frost,* 105 Conn. 326, 332, 135 A. 446. The rule fixes no limitation of time within which the cost shall be paid. While it does not require that the payment be made before the evidence is printed, the clerk, who is accountable to the state for any such sums, is entitled to demand payment in advance. *Allis* v. *Hall,* 76 Conn. 322, 341, 56 A. 637; *Steever* v. *Rickman,* 109 U.S. 74, 3 S. Ct. 67, 27 L. Ed. 861; *Bean* v. *Patterson,*

110 U.S. 401, 402, 4 S. Ct. 23, 28 L. Ed. 190; 11 C.J. 880. The obligation to pay would not, however, arise until such a demand was made.

The absence of any limitation in the rules as to the time within which the cost of printing the evidence should be paid to present these assignments of error requires the application of the principle that, where an act is required to be done and no time is fixed, a reasonable time is implied. Almost two months elapsed between the request of the clerk for payment and his receipt of the money. Counsel for Barnes stated in argument before us that the latter paid $500 towards the cost, and counsel further expressed surprise that he could do even that. Counsel for Levitan, who paid the balance, gave no satisfactory reason why, if he could pay the money on July 9, he could not have paid it within at least a few days after receiving the request from the clerk. It is also a conceded fact that none of the defendants made any response to the letter of the clerk, and none of them sought an extension of time from the trial court; even if the trial court lacked authority to grant it, such a motion would at least have been indicative of diligence on their part. The failure to pay the cost of printing the evidence in this case with reasonable promptness has this practical effect: The clerk estimates that it will take about three months to print the record; it is so voluminous that counsel could hardly be expected to present the case to us unless it is printed four weeks before the term of court at which the appeals will be heard, the time ordinarily allowed under our rules; Practice Book § 376; and the result may well be that, instead of being presented to us at the October term, the appeals may not be heard before November or possibly December.

Every criminal prosecution necessarily involves the public interest, and that is especially so as regards this case. The period of almost two years which, if the appeals are prosecuted, must elapse between the date of the conviction of the defendants and the determination of the appeals, during which they are at large under bond, strongly suggests a reproach upon our administration of the criminal law. The failure of the defendants to pay the cost of printing the evidence or to communicate in any way with the clerk or trial judge with reference to the matter for a period of almost two months cannot be held to show reasonable diligence in prosecuting the appeals as regards the assignments of error requiring the printing of the evidence.

The appeals of Kennedy and Levitan are dismissed. The record in the appeal of Barnes, only in so far as necessary to present his assignment of error in the conclusion that he was guilty upon the finding of facts made by the court, without corrections, may, if he requests, be printed.

In this opinion BROWN and JENNINGS, Js., concurred.

ELLS, J. (dissenting). There was a regrettable delay of more than a year by the defendants in filing the papers necessary to complete their appeals, but the majority opinion properly holds, for reasons therein stated, that "we cannot consider the failure by the defendants to file them earlier in determining whether they have prosecuted the appeals with reasonable diligence," and that the state's claim "reduces itself to this, that the defendants were guilty of improper delay in not paying the amount due for

printing the record after they received the letter sent by the clerk on May 12, 1947."

In that letter the clerk stated that the cost of printing the evidence would be approximately $4500, that the rules required that the cost should be paid before the record was printed and that he "would appreciate it if you would send me your check for that amount. The matter will, of course, be adjusted when the record is printed and the actual cost known."

The rule, Practice Book, § 369, provides that "the expense of printing such evidence so made a part of the record shall be paid by the appellant, at the actual expense thereof." It fixes no limitation of time within which the cost shall be paid. Almost two months elapsed between the request of the clerk for payment and his receipt of the money. The majority opinion holds that it was not paid within a reasonable time. In view of the lack of any requirement in the rules that the cost must be paid within a definite time, the absence of any previous decision interpreting the rule, the unusually large sum involved and the necessity of apportioning and securing the amount to be raised by the different appellants, I am not prepared to hold that the payment was not made within a reasonable time.

In this opinion DICKENSON, J., concurred.